NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—July, 1886.

MATTER OF FERNBACHER.

*In the matter of the estate . of* WOLF FERNBACHER,
*deceased.*

A beneficiary under decedent's will having, by his attorney, instituted a
special proceeding to compel the executors to account, with a view to
securing his interest in the estate, entered into an agreement in writ-
ing with such attorney to pay the latter, in consideration for his ser-
vices, one half the amount for which the party's interest might be com-
promised or settled, giving the attorney a lien on said sum, and stipu-
lating not to compromise his claim without the attorney's knowledge.
The will conferred upon the executors a power to sell decedent's real
property.—*Held,*

1. That such agreement was valid and binding upon the party.
2. That none of the real property unsold by the executors, under the tes-
tamentary power, could be included in estimating the value of the par-
ty's interest,—*the executors not being bound to account therefor.*

A PREVIOUS phrase of the litigation relating to this
estate is reported in 4 *Dem.,* 227. Isaac Fernbacher
a son of decedent, and a remainderman under his will,
having, by his attorney, Jacob Marks, instituted pro-
ceedings for an accounting by the executrix and ex-
ecutors of his father's will, and subsequently moved
for the revocation of their letters, upon the grounds
of waste and improvidence in their administration, and
a decree having been rendered revoking their letters
accordingly, entered into a stipulation with the exec-
utrix and executors for a settlement and discontinu-
ance of all the proceedings, upon the satisfaction of
his claims under the will. Thereupon the executrix
and executors filed a petition asking for a discontinu-

ance according to the terms of the stipulation; which application was opposed by said attorney, Jacob Marks, upon grounds which are stated in the opinion.

LAUTERBACH & SPINGARN, *for executrix and executors.*

IRA D. WARREN, *for Jacob Marks.*

THE SURROGATE.—I hold, with the referee herein, that the agreement upon which Isaac Fernbacher's attorney bases his claim for compensation is a valid agreement, and binding upon Fernbacher. That agreement is in words following:

"In consideration of services rendered by Jacob Marks and to be rendered by him in the prosecuting and carrying on of the contest against the estate of Wolf Fernbacher, deceased, I hereby agree to pay said Jacob Marks one half the amount for which my interest in or against said estate may be compromised or settled, besides his taxable costs, and I hereby give him a lien for said half on any interest which I have in said estate or any sum which my interest may be determined to be worth, and I hereby charge my said interest in said estate, or what my interest may be determined to be worth or compromised for, with said half, it being understood that I am to pay all the necessary disbursements which may be required to be paid in the prosecution of said contract; the said I. Fernbacher not to compromise his interest without the knowledge of said Marks.

Witness my hand and seal this 21st day of November, 1885.

ISAAC FERNBACHER."

For ascertaining whether, in the settlement which

Fernbacher has lately effected or sought to effect, such claims of his attorney as this court is competent to enforce have been recognized and protected, it is necessary to determine, *not* the extent and value of all the interest that Fernbacher ever had in this estate, but the extent and value of such interest as he had at the commencement of the accounting proceeding, and as these executors could be held answerable for in that proceeding if it should be prosecuted to a decree. It is one half of the sum *thus* arrived at, together with taxable costs, that this court should secure for Mr. Marks, before permitting the discontinuance of the pending proceedings heretofore instituted in behalf of his client. And,

*First.* There must be deducted from the total value of the estate the value of the widow's life interest.

*Second.* No portion of the real estate unsold should be taken into account for the purposes of the present inquiry. The referee, in ascertaining the amount of Isaac Fernbacher's interest, has included the three pieces of real property at ave. B.. 20th street and 43d street. The executors have never exercised respecting these properties the discretionary power of sale conferred upon them by the will. Although Isaac Fernbacher has transferred to his brother and sister, since the entry of the decree removing the executors, his interest in all this estate, real and personal, and has released to the executors all claim for any liability on their part to him, such transfer and release have not, in my judgment, changed the conditions of the problem here presented for solution.

In the course of my decision in the proceeding for revocation of the letters of these executors, I used the language following: "In view of the relation which the widow and children of the decedent sustained towards the estate, it was clearly the duty of the executors to collect as soon as practicable the personal property left by the decedent. This duty they owed to the remaindermen, who were entitled to be informed of the true nature, condition and value of the assets, and to have such of them as were outstanding realized and recovered."

I adhere to the view, intimated in the words just quoted, that, in the accounting proceeding, the executors were not bound to account for the unconverted real estate left by the testator, and it is plain that they could not now be required to account for any share in the real estate which any of the parties entitled thereto may have seen fit to alienate. It has been at all times competent for such parties to dispose of their interests in such real estate, despite the power of sale conferred upon the executors. Whatever lien Isaac Fernbacher's attorney may have, as against the interest of his client, in such property, this court is powerless to protect or make effectual, because of its inability to compel the executors to account for such property.